**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CARMINE JOSEPH BLOISE, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRISTINA JOY DADEY | : | No. 281 WDA 2025 |

Appeal from the Order Entered February 7, 2025
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 24-011676

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED: August 15, 2025**

Appellant, Carmine Joseph Bloise, Jr., appeals from the trial court's order which, upon petition of Appellee, Christina Joy Dadey, denied and struck Appellant's praecipe to discontinue while simultaneously discontinuing the matter with prejudice. After careful review, we affirm in part and dismiss the appeal in part as moot[1].

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant has also filed before this Court an "Application for Relief Pursuant to Pa.R.C.P. 430(a) AND Pa.R.A.P. 2185, in which he seeks a "special order under Pa.R.C.P. 430(a) declaring that service of appellate papers upon Appellee via the court-approved OurFamilyWizard platform constitutes valid service and shall not be deemed 'harassment'". As no such charges have been filed in the instant case, and therefore this request is in effect a petition for an advisory opinion, Appellant's application is DENIED. *See* ***Crystal Lake Camps v. Alford,*** 923 A.2d 482, 489 (Pa. Super. 2007)("[T]his Court is precluded from rendering advisory opinions.").

In his complaint filed on October 21, 2024, Appellant averred that he and Appellee were involved in a romantic relationship which came to an end during the period of time between July and December of 2022. The couple have one child together, A.B., custody of whom is the subject of an active case in the Court of Common Pleas of Allegheny County and is also the subject of an appeal currently pending before this Court. Appellant also has a child from a prior relationship to whom he avers Appellee developed a relationship akin to a stepparent. On August 8, 2022, the Court of Common Pleas of Allegheny County issued a Protection from Abuse Final Order against Appellant which altered the structure of Appellant's custody of A.B. This Order is also the subject of a separate currently pending appeal before this Court.

With that in mind, in the instant matter Appellant alleged that on October 22, 2022, Appellee:

> "initiated a series of text messages asking for [Appellant's] help with the children and proposed a trip to Target, despite the day being outside of the scheduled custody arrangement. [Appellee] coordinated the day's activities and explicitly requested [Appellant's] presence at her residence. During the morning of October 22, [Appellee] indicated no objection to [Appellant's] presence at her residence. Instead, [Appellee] actively engaged in coordinating the day's activities, referencing [Appellant's] prior visits to her home that week []. Later, [Appellee] explicitly requested via phone call that [Appellant] come to her residence."

Appellant's Complaint at 6-7.

Appellant avers that a disagreement ensued at the residence which resulted in Appellant using his phone to record Appellee making potentially incriminating statements. Appellant alleges that Appellee threatened to "put

[him] in jail," if he did not erase the recording. *Id.* He then avers that Appellee made a false report to the police wherein she indicated that on October 22, 2022, he had instead "entered [Appellee's] home during a custody exchange, pushed past her, refused to leave for two hours, and filmed her;" this report resulted in the filing of criminal charges for indirect criminal contempt. *Id.* at 8. Appellant alleged that these accusations caused him "significant emotional distress, reputational damage, and financial losses." *Id.* at 9. He contends that Appellee's actions "were part of a calculated scheme to manipulate the legal system for personal revenge," and were "intended to intimidate [him] and harm his relationship with his children and his reputation." *Id.* at 10. Based upon these allegations, Appellant's complaint sets forth three causes of action: abuse of process, defamation, and intentional infliction of emotional distress. *Id.*

Appellant also filed, on October 21, 2024, a motion *in limine* concerning the admission of certain text messages purporting to represent an exchange between the parties relevant to Appellant's complaint.

On December 2, 2024, Attorney Juan C. Paz-Rosario entered his appearance on behalf of Appellee, and two days later filed an Answer and New Matter on her behalf.

On December 6, 2024, Appellant responded by filing several preliminary objections, which were followed on December 12, 2024, by Appellee's preliminary objections as well as a motion for protective order and a motion to transfer.

Appellant then filed a motion to oppose extension of time on January 21, 2025. This motion purports to oppose a request for an extension of time to respond to Appellant's first set of interrogatories. In this motion, Appellant avers that these interrogatories were issued to Appellee on December 23, 2024, and, on January 16, 2025, defense counsel responded by requesting a copy of the interrogatories in a Word document format "for the stated purpose of providing responses." January 21, 2025, Motion to Oppose Extension of Time at 1. Appellant avers that on January 20, 2025, defense counsel requested a two-week extension to respond to the interrogatories. Of note, the docket does not reflect any filing indicating a request for an extension being made before the Court. Further, prior to receiving any response from the Court to his motion to oppose, Appellant immediately filed a motion to compel discovery on January 22, 2025, demanding response to his interrogatories within three days of any resulting order of Court. Again prior to any ruling by the Court on *any* of his pending motions, Appellant filed yet another motion on January 30, 2025, "for Finding of Fact and Request for Sanctions Under Pa.R.C.P. 4019," citing responses he did receive to his aforementioned interrogatories which he characterizes as "demonstrably false." January 30, 2025, Plaintiff's Motion for Finding of Fact and Request for Sanctions Under Pa.R.C.P. 4019 at 2. In his plea for relief, Appellant requested that the trial court: "[f]ind that the corrected timeline and events articulated by Plaintiff […] is established fact under Pa.R.C.P. 4019(c)(1);" "[p]reclude Defendant from presenting any contradictory testimony or evidence;" and

"award monetary sanctions against Defendant for discovery misconduct." ***Id.***
Again, before any oral argument had been held and before receiving ruling on
his pending motions, Appellant filed a motion for Summary Judgment on
January 30, 2025.

Prior to resolution of his motion for summary judgment, or indeed any
of his numerous pending motions, on February 2, 2025, Appellant filed his
voluntary praecipe to discontinue. Appellee filed her petition to strike and or
open judgment in response on February 4, 2025. The discontinuance and
petition to strike were the subject of a hearing before the trial court on
February 7, 2025. During that hearing, the trial court noted Appellee's petition
included a plea for counsel fees. N.T. at 6. Appellee's trial counsel directed the
court's attention to the record of extensive pre-trial litigation preceding the
hearing, and he relayed a summary of his efforts in defending the case or
otherwise negotiating a resolution and Appellant's pattern of dilatory,
obdurate, and vexatious conduct; he then advised the court of the amount
requested in counsel fees. At the conclusion of that hearing, the lower court
entered the proposed order attached to Appellee's petition to strike giving rise
to this appeal, which read:

> "AND NOW, this 7th day of February, 2025, upon consideration of
> Plaintiff's Praecipe to Discontinue Without Prejudice and
> Defendant's Petition to Strike same, it is hereby ORDERED,
> ADJUDGED, DECREED that Plaintiff's Praecipe to Discontinue
> Without Prejudice is hereby DENIED and STRICKEN.
>
> 1. The above-captioned action is hereby DISCONTINUED WITH
>    PREJUDICE.

2. Plaintiff is hereby barred from pursuing additional litigation against Defendant raising the same or related claims arising from the parties' family law case, without leave of Court.

3. Defendant is awarded counsel fees in the amount of $750.00 for Plaintiff's dilatory, obdurate, and vexatious conduct. Said payment shall be made within thirty (30) days, directly to The Lynch Law Group."

Trial Court Order, February 7th, 2025.

Appellant filed his notice of appeal on March 6, 2025. On March 12th, 2025, the lower court issued an Order in Lieu of Opinion indicating "the Court believes the hearing transcript and record in this case adequately reflect the Court's reasoning in this matter. The Court does not intend to issue a detailed Opinion unless directed to do so by an Appellate Court." No order was issued directing Appellant to file a concise statement of matters complained of on appeal; nonetheless, he filed a statement on March 14, 2025.

On appeal, Appellant raises six issues for our review.

"(Q1) Did the trial court err by transforming Mr. Bloise's voluntary Praecipe to discontinue without prejudice into a dismissal with prejudice, in contravention of Pa.R.C.P. 229(a), and absent a showing of substantial prejudice to Ms. Dadey as required by Pa.R.C.P. 229(c)?

(Q2) Did the trial court abuse its discretion by awarding $750 in attorney's fees to Ms. Dadey without holding an evidentiary hearing, making findings of bad faith or vexatious conduct, or citing a valid legal basis for fee-shifting?

(Q3) Did the trial court err by failing to consider Mr. Bloise's pending Motion for Summary Judgment (OR 274-320) or the merits of the case prior to dismissing the action with prejudice?

(Q4) Did the trial court err by relying on family court proceedings– namely custody and PFA litigation –when adjudicating a civil

- 6 -

action asserting separate claims of abuse of process, defamation, and intentional infliction of emotional distress?

(Q5) Did the trial court fail to provide sufficient explanation or findings of fact to support its decision to dismiss the civil action with prejudice, thereby hindering meaningful appellate review?

(Q6) Did the trial court misapply the holdings of *Becker v. Reilly* and *Moyer v. Shaffer* by failing to distinguish the instant case from those precedents, resulting in an erroneous dismissal with prejudice?"

Appellant's Brief at 7-8.

In his first issue, Appellant contends both that the trial court erred by impermissibly "transforming [his] voluntary praecipe to discontinue without prejudice into a dismissal with prejudice," and also that, prior to being stricken, his voluntary discontinuance "had the effect of permanently ending the dispute," where "the tortious acts [Appellant] has alleged [Appellee] committed took place on October 22, 2022, [and thus] the statute of limitations expired on October 22, 2024." Appellant's Brief at 38.

> "As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect."

***Trust of John S. Middleton***, 313 A.3d 1079, 1086 (Pa. Super. 2024) (quoting ***In re D.A.***, 801 A.2d 614, 616 (Pa. Super. 2002) (en banc) (citations and quotation marks omitted)). "It is impermissible for courts to render purely

advisory opinions. In other words, judgments or decrees to which no effect can be given will not, in most cases, be entered by this Court." *Id.*

As such, we dismiss this issue as moot. By Appellant's own admission, his voluntary discontinuance "permanently end[ed]" the dispute, as it would have been impossible for him to refile due to the statute of limitations having expired. Appellee's petition to strike achieved the same result: discontinuance of the matter without possibility of refiling. Thus, whether this Court affirms the February 7, 2025, Order of the trial court, thereby allowing the court's discontinuance with prejudice to stand, or reverses the order, allowing Appellant's own voluntary discontinuance after the expiration of the statute of limitations to stand, there would be no practical legal effect. In either case, the matter is permanently terminated. Likewise, Appellant's sixth issue, which challenges what Appellant understands the reasoning of the trial court in issuing the order to have been, is also moot.

In his second issue, Appellant contends that the trial court abused its discretion by awarding Appellee legal fees. While Appellant contends that there was no evidentiary hearing held on the subject of legal fees, our review of the record indicates that the basis for imposing fees as well as the basis for the amount ordered is apparent. As noted above, Appellee filed her Petition to Strike and or Open Judgment on February 4, 2025, which includes a request for legal fees. In support of this request, regarding Appellant's pattern of

dilatory, obdurate, and vexatious conduct, Appellee's counsel submitted to the court:

"Your Honor, for the past, I want to say four or five last appearances, including this one, Mr. Bloise has a tendency to file on a lot of things, but he does not appear. This is actually the first time he's appearing by phone. Previously, he would just file a ton of filings before Judge Bubash and not show up, requiring my appearance.

And, unfortunately, due to my client being an elementary school teacher, it's just not feasible to continue fighting every single one of Mr. Bloise's filings in court. He's essentially reached out to every potential jurisdiction, appeal, that you can possibly imagine to try to argue these family law claims, unsuccessfully to date.

And I would just respectfully request that Your Honor -- he has, this week, asked for it to be discontinued. We're fine with it being discontinued, but with prejudice. This cannot continue.

My client -- I hate to even say this, but I think if this were to come back here, it would be my client, not me present, because of the sheer amount of litigation fees up to this point. We have done everything we can to try to resolve this matter, but it just never ends.

\*\*\*

[A]ny e-mails in the past I have tried working on with him, it is simply arguing with a brick wall, simply put. There is no movement. It's either 100 percent of what he wants or nothing at all and I'm simply not willing to do that."

N.T. 5-6, 15-16.

Regarding the amount, the court asked counsel: "you've asked for an amount of attorney fees. What amount are you requesting?" N.T. at 6. Counsel responded, "[o]n the lowest end, 250, up to 1,500, just upon the preparation time. I would say the fact that we had to file so many motions and responded

and even discovery responses – we've tried our best to work with Mr. Bloise -- I would say we're closer to the higher end of the scale just to the sheer amount of attorney fees that were already outstanding." N.T. at 6-7. Further, the docket does clearly show a substantial number of filings consistent with counsel's representation, as outlined above. Regarding Appellant's contention that the court made "no findings of bad faith or vexatious conduct," we direct his attention to the Order from which he appealed, which reads "Defendant is awarded counsel fees in the amount of $750.00 **for Plaintiff's dilatory, obdurate, and vexatious conduct.**" February 7, 2025, Order (emphasis added). As such, this issue merits no relief.

In his third issue, Appellant contends that the trial court erred by not considering his pending Motion for Summary Judgment prior to resolving the discontinuance and petition to strike. However, Appellant cites no legal authority that supports his position, that it was incumbent upon the trial court to resolve his summary judgment motion prior to resolving his praecipe to discontinue and Appellee's petition to strike and reopen judgment. Appellant contends that "the trial court's failure to address a dispositive motion on the merits and its consequent dismissal with prejudice was patently unwarranted." Appellant's Brief at 52. We find, to the contrary, that his voluntary praecipe to discontinue certainly warranted the trial court's having elected not to address his pending motions. As such, this issue merits no relief.

In his fourth issue, Appellant challenges the trial court's reliance on family court proceedings in ruling on the instant matter concerning his tort claims against Appellee. Appellant objected to defense counsel's submissions regarding a pattern of dilatory, obdurate, and vexatious conduct exhibited by Appellant throughout the protracted litigation between Appellant and Appellee in several distinct matters, including the instant matter, as cited above. N.T. 5-6, 15-16.

In his brief, Appellant's argument is unfocused as relates to any matters pending in the instant appeal. Rather, in this section of his brief, Appellant develops an argument regarding an alleged procedural error in a separate matter concerning indirect criminal contempt of a protection from abuse order, i.e. whether defense counsel improperly acted as prosecutor in that proceeding against Appellant. Appellant then notes that pursuant to Pa.R.E. 402, evidence must be relevant to be admissible. We see no connection between these issues, and Appellant has failed to develop an argument as to how that alleged procedural error in the prosecution of his indirect criminal contempt charge had any bearing on the relevance of counsel's submission in the context of the petition to strike the discontinuance, and the included request for legal fees, in the instant matter. "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. [. . .] This Court will not act as

counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). Wherefore, Appellant's fourth issue is waived and merits no relief.

In Appellant's fifth issue, he contends that the trial court's decision not to file an opinion pursuant to Pa.R.A.P. 1925(a) hindered meaningful appellate review, and therefore merits remand. We do not agree. As Appellant notes, the relevant standard of review in the instant case is *de novo*, as this matter addresses questions of law. Where such is the case, our Supreme Court has held that an appellate court is "within its rights not to order a remand," for the filing of an opinion as an "appellate court must be and is free to resolve [questions of law] *de novo*." ***Otte v. Covington Twp. Rd. Supervisors,*** 650 A.2d 412, 414 (Pa. 1994).

For the foregoing reasons, we find that Appellant has raised no issues meriting relief.

Order affirmed in part; appeal dismissed in part as moot. Appellant's Application for relief Denied.

Judgment Entered.

Jurisdiction Relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

8/15/2025